```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


EDWARD GRIMES,                 :
                               :   Civil Action No. 08-5027(JLL)
          Petitioner,          :
                               :
     v.                        :   OPINION
                               :
MICHELLE RICCI, et al.,        :
                               :
          Respondents.         :
```

**APPEARANCES:**

    EDWARD GRIMES, Petitioner pro se
    #275769/SBI 285760A
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625-0861

    THEODORE J. ROMANKOW, UNION COUNTY PROSECUTOR
    SARA B. LIEBMAN, ASSISTANT PROSECUTOR
    UNION COUNTY PROSECUTOR'S OFFICE
    32 Rahway Avenue
    Elizabeth, New Jersey 07202
    Counsel for Respondents

**LINARES**, District Judge

    Petitioner Edward Grimes, a convicted state prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his New Jersey state court conviction and sentence.  For the reasons stated herein, the Petition will be dismissed as time-barred.

I. BACKGROUND

A. Statement of Facts

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, see 28 U.S.C. § 2254(e)(1), will simply reproduce the Appellate Division's factual recitation, as set forth in its June 11, 2007, unpublished Opinion on petitioner's appeal from denial of his second state court petition for post-conviction relief:

> In June 1995, a jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3; three counts of second-degree aggravated assault, N.J.S.A. 2C:12-1b(1); third-degree possession of a knife for unlawful purposes, N.J.S.A. 2C:39-4d; and fourth-degree unlawful possession of a knife, N.J.S.A. 2C:39-5d. These convictions stemmed from defendant's brutal stabbing attacks on July 4, 1993, on each of four victims, one of which resulted in the death of an innocent man who had merely responded to his wife's pleas for help. All of the surviving victims were seriously injured. Defendant was sentenced on September 15, 1995 to an aggregate life term with forty-five years of parole ineligibility.

(June 11, 2007 Appellate Division Opinion, at p. 2).

B. Procedural History

On December 15, 1993, the Union County Grand Jury returned Indictment No. 93-12-1562, charging petitioner, Edward Grimes ("Grimes"), with: murder, contrary to N.J.S.A. 2C:11-3 (Count One); fourth degree unlawful possession of a weapon, contrary to N.J.S.A. 2C:39-5d (Count Two); third degree possession of a weapon for an unlawful purpose, contrary to N.J.S.A. 2C:39-4d

(Count Three); and three counts of second degree aggravated assault, contrary to N.J.S.A. 2C:12-1b(1)(Counts Four, Five and Six).[1]

Grimes was tried before a jury and the Honorable Walter R. Barisonek, J.S.C., in mid-June 1995.  The jury returned a verdict of guilty against Grimes on all counts on June 21, 1995.  On September 15, 1995, Judge Barisonek merged Grimes' conviction on Count Three into Count One and sentenced Grimes to life imprisonment with a 30-year parole disqualifier on Count One (murder), three consecutive 10-year prison terms with a five-year parole disqualifier on Counts Four through Six (second degree aggravated assault), and a concurrent 18-month prison term, nine months with parole eligibility, on Count Two (unlawful possession of a weapon).

Grimes filed a notice of appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division on or about November 6, 1995.  On September 17, 1997, Grimes submitted a motion requesting permission to file a pro se supplemental brief with the Appellate Division, which was denied on September 22, 1997.  On September 30, 1997, the Appellate Division affirmed Grimes' conviction and sentence but remanded the case to trial court to amend the judgment of conviction to

---

[1] Co-defendant Mitchell pled guilty to eluding and testified at Mercado's trial.

reflect the concurrent sentence on Count Two.  There appears to be no record of the amended judgment of conviction.  However, on October 14, 1997, Grimes filed a pro se motion before the Appellate Division seeking reconsideration of his appeal. The Appellate Division denied the motion for reconsideration on November 7, 1997.

On June 19, 1998, Grimes filed his first state petition for post-conviction relief ("PCR").  On May 19, 1999, a hearing was conducted on the state PCR petition before the trial judge, Judge Barisonek.  Judge Barisonek denied the PCR petition on May 19, 1999.  Grimes appealed this decision to the Superior Court of New Jersey, Appellate Division, which later affirmed denial of the PCR petition in an unpublished opinion filed on December 7, 2001. (Da308-Da311).  Grimes filed a petition for certification with the Supreme Court of New Jersey.  (Da312-Da313).  The Supreme Court of New Jersey denied certification on April 29, 2002. (Da314).

Thereafter, on March 21, 2003, Grimes filed his second state PCR petition.  (Da316-Da319).  Hearings were conducted before Judge Barisonek on April 26, 2005 and May 24, 2005.  In an Order entered on May 24, 2005, the second state PCR petition was denied. (Da463).  Grimes appealed, and on June 11, 2007, the Appellate Division affirmed denial of the second PCR petition. The Supreme Court of New Jersey denied certification on September 26, 2007.

4

On or about September 12, 2007, Grimes filed his first federal habeas petition under 28 U.S.C. § 2254 challenging his 1995 judgment of conviction.  The matter was docketed, <u>Grimes v. Ricci</u>, Civil No. 07-4384 (KSH).  On November 20, 2007, in response to the district court's Order entered on October 3, 2007, pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), Grimes wrote to the court and asked that his federal habeas action be stayed while he pursues another state PCR application concerning his diminished capacity/ineffective assistance of counsel claim.  (<u>See</u> Civil No. 07-4384 (KSH), docket entry no. 4, filed on November 26, 2007).  On March 31, 2008, the Honorable Katharine S. Hayden, U.S.D.J., entered an Order closing the habeas action because Grimes had re-filed his habeas petition under another docket number in the Camden vicinage.  On May 1, 2008, Grimes wrote to Judge Hayden inquiring about the March 31, 2008 Order closing his initial file, as he had not filed another action in the Camden vicinage.  Having received no response, Grimes then filed the instant habeas action, which was received and entered on this docket, Civil No. 08-5027 (JLL), on October 9, 2008.

The State answered the petition, providing the relevant state court record, on December 15, 2008.  Grimes has not filed a traverse or reply.

5

## II. STATEMENT OF CLAIMS

Grimes raises the following claims for habeas relief in his petition:

POINT I:  Ineffective assistance of trial counsel in failing to adequately prepare for trial and present expert testimony regarding an intoxication defense.

POINT II:  Counsel was constitutionally ineffective in failing to present to the jury a passion-provocation defense.

POINT III:  Petitioner should be afforded an evidentiary hearing.

POINT IV:  The trial court abused its discretion by allowing misleading arrest photos of petitioner not material to any contested issue at trial, and the trial court instructions on the photos was misleading.

POINT V:  The trial court erred in not allowing prior grand jury testimony of a state's unavailable witness during trial.

POINT VI:  The trial court should have granted a continuance to locate an unavailable witness crucial to the defense.

POINT VII:  The trial court should have declared a mistrial when a defense witness testified the defendant had served time in prison.

POINT VIII:  During the course of trial, the prosecutor unfairly misrepresented photographic evidence in a manner that mislead the jury and created a false impression of a material fact.

POINT IX:  During summation, the prosecutor violated her own stipulation agreement, circumvented the court's ruling, and acted as an expert witness that was not subject to rebuttal.

POINT X:  During summation, the prosecutor commented on fact not in evidence nor reasonably drawn therefrom.

POINT XI:  The jury's knowledge that petitioner had been in prison prior to the offense charged, as elicited by the State, deprived petitioner of a fair trial.

POINT XII:  Trial counsel was ineffective for failing to investigate, explore and present an alternative theory to the state's case.  Counsel conceded that petitioner stabbed decedent when petitioner steadfastly denies he stabbed or caused the death of decedent.

POINT XIII:  Trial counsel was ineffective for failing to locate, interview and subpoena a state's witness that was crucial to defense.

POINT XIV:  Trial counsel was so egregiously unprepared to present the intoxication defense that he actually sabotaged the defense through his own actions.

POINT V:  Petitioner was denied due process and equal protection of law in his first PCR hearing and every subsequent hearing based on the PCR court's ruling were also unconstitutional .

POINT XVI:  Petitioner received ineffective assistance of appellate counsel.

The State argues that the habeas petition is untimely and should be dismissed as time-barred, or alternatively, that all of the claims should be dismissed as procedurally defaulted. The State also contends that the petition should be denied for lack of substantive merit.

### III. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Because petitioner is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

### IV. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

8

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417,

9

419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[2] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition

---

[2] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

10

for writ of certiorari in the United States Supreme Court.  See Lawrence v. Florida, __ U.S. __, 127 S.Ct. 1079, 1083 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Grimes' judgment of conviction became final after the enactment of AEDPA.  The judgment of conviction was entered on or about September 15, 1995, and Grimes filed a direct appeal shortly thereafter.  On September 30, 1997, the Appellate Division affirmed petitioner's conviction and sentence, but remanded the matter to the trial court to amend the judgment of conviction to reflect the concurrent sentence on count two as imposed at the sentencing hearing.  Grimes then filed a motion before the Appellate Division for reconsideration of the appeal, and this motion was denied on November 7, 1997.  It does not appear from the record that Grimes sought a petition for certification from the Supreme Court of New Jersey.  He also did not file a petition for a writ of certiorari with the United States Supreme Court.  Therefore, giving Grimes the benefit of all favorable inferences, his judgment of conviction became final 90 days after the Appellate Division denied his motion for reconsideration on November 7, 1997, or March 7, 1998.  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.  Thus, for purposes of determining when the statute of limitations would start to run, Grimes had one year from March 7,

11

1998, or until March 7, 1999, to filed his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Grimes would have had to file his first state PCR petition before the one-year period had expired, or before March 7, 1999.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, Grimes filed his first state PCR petition on June 19, 1998, before the one-year limitations period had expired, and thus, this Court finds that there was statutory tolling of the limitations period at that time.

Statutory tolling remained in effect in this case until April 29, 2002, when the New Jersey Supreme Court denied certification on Grimes' appeal from denial of his first state PCR petition.  Consequently, the limitations period began to run on this date, and Grimes would have one year from this date, April 29, 2002, or until April 29, 2003, to file his federal habeas petition, or to have his second state PCR petition serve to toll the limitations period again.

Grimes filed his second state PCR petition on March 21, 2003, thirty-nine (39) days before the one-year limitations period was set to expire.  Therefore, there would be a second period of statutory tolling from March 21, 2003 through September 26, 2007, when the New Jersey Supreme Court denied certification on Grimes' appeal from denial of his second state PCR petition.

However, the State argues that tolling would not apply for the period of time that Grimes' second state PCR petition was pending because it was not timely filed under state law, which requires that such petitions be filed within five years after rendition of the judgment or sentence under challenge unless it alleges facts showing that the delay was due to defendant's excusable neglect. See N.J. Court R. 3:22-12.

The United States Supreme Court has held that where a state court has rejected a PCR petition as untimely, it is not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408 (2005). "In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." Pace, 544 U.S. at 413.

Thus, where a state court has rejected a state PCR petition as untimely, it was not "properly filed" and petitioner is not entitled to statutory tolling under § 2244(d)(2). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. Carey, 536 U.S. at 225-26 ("If the California Supreme Court had clearly ruled that Saffold's 4½ month delay was 'unreasonable,' that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits."); Brooks v. Walls, 301

13

F.3d 839, 841 (7th Cir. 2002)("both aspects of a dual-ground decision (substance and procedure) must be respected").

Here, Grimes filed his second state PCR petition on March 26, 2003, more than five years after he was sentenced in state court on September 15, 1995, initially, and after the sentence was amended to reflect the concurrent sentence on Count Two, in September or October 1997.  Both the second state PCR court and the Appellate Division ruled that Grimes's second PCR petition was untimely under N.J.Civ.R. 3:22-12, as well as procedurally barred under N.J.Civ.R. 3:22-4 and 3:22-5.  (See May 24, 2005 PCR Hearing Transcript at 74:19-25; 79:8-16; 80:16-23 and the June 11, 2007 Appellate Division Opinion at p. 15).  Therefore, under Pace, since Grimes' second PCR petition was not timely filed, the limitations period under § 2244(d)(2) was not tolled on March 26, 2003.

Accordingly, the limitations period in this case would have started to run on April 29, 2002, when the Supreme Court of New Jersey denied certification on Grimes' first state PCR petition.  Grimes would have had one year from that date, or until April 29, 2003 to file his federal habeas petition.  Grimes did not file this habeas petition until September 2007, at the earliest, more than four years after the limitations period had expired.  Consequently, Grimes plainly was not entitled to statutory tolling under § 2244(d)(2) when he filed his second state PCR petition on March 26, 2003, because the petition was rejected as untimely by the New Jersey state courts.

Finally, Grimes has not demonstrated any basis for equitable tolling, see Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998), and given the forceful opinion of Judge Barisonek at the May 24, 2005 PCR hearing, it is highly unlikely that Grimes would be able to show diligence or extraordinary circumstances to support equitable tolling under Pace.[3]  (See May 24, 2005 PCR T 79:4-81:4).

---

[3] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.
   Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

15

Therefore, this petition was untimely filed and must be dismissed accordingly.

## IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.  For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

<u>CONCLUSION</u>

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d).  No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.


                                                 <u>/s/ Jose L. Linares</u>
                                                 JOSE L. LINARES
                                                 United States District Judge
DATED:    October 22, 2010