**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD GRIMES, | Civil Action No.: 08-5027 (JLL) |
| Petitioner, | |
| v. | **OPINION** |
| MICHELLE RICCI, et al., | |
| Respondents. | |

**APPEARANCES:**

> EDWARD GRIMES, Petitioner Pro Se
> #275769/ SBI 285760A
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625-0861
>
> SARA BETH LIEBMAN, Assistant Prosecutor
> UNION COUNTY PROSECUTOR'S OFFICE
> 32 Rahway Avenue
> Elizabeth, New Jersey 07202-2155
> Counsel for Respondents

**LINARES,** District Judge

This matter comes before the Court upon the motion of pro se Petitioner, Edward Grimes

("Petitioner") to vacate the judgment of this Court with respect to this Court's Opinion and Order

entered on October 22, 2010, familiarity with which is presumed, denying as time-barred under

28 U.S.C. § 2244(d) Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254.

(Docket Entry Nos. 9 and 10). Petitioner submitted this application on or about February 18, 2011. (Docket Entry No. 13). He filed a Memorandum of Law in support of his motion on June 29, 2011. (Docket Entry No. 16).

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied.

# I. BACKGROUND

In his initial habeas petition before this Court, Petitioner challenged his 1995 New Jersey state court judgment of conviction on numerous grounds, including claims of ineffective assistance of trial counsel. The Court dismissed the petition as time-barred, finding as follows:

> ... the limitations period in this case would have started to run on April 29, 2002, when the Supreme Court of New Jersey denied certification on Grimes' first state PCR petition. Grimes would have had one year from that date, or until April 29, 2003 to file his federal habeas petition. Grimes did not file this habeas petition until September 2007, at the earliest, more than four years after the limitations period had expired. Consequently, Grimes plainly was not entitled to statutory tolling under § 2244(d)(2) when he filed his second state PCR petition on March 26, 2003, because the petition was rejected as untimely by the New Jersey state courts.
>
> Finally, Grimes has not demonstrated any basis for equitable tolling, see Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998), and given the forceful opinion of Judge Barisonek at the May 24, 2005 PCR hearing, it is highly unlikely that Grimes would be able to show diligence or

extraordinary circumstances to support equitable tolling under Pace.[1] (See May 24, 2005 PCR T 79:4-81:4).

Therefore, this petition was untimely filed and must be dismissed accordingly.

(October 22, 2010 Opinion at pp. 14-16, Docket entry no. 9).

Petitioner now seeks to relitigate the claims he raised in his federal habeas petition without regard to the Court's finding that the matter was filed out of time and is barred by 28 U.S.C. § 2244(d).

## II. **LEGAL STANDARD**

Petitioner's motion to stay or vacate this Court's October 22, 2010 Opinion and Order dismissing his habeas petition as time-barred is more appropriately characterized as a request for reconsideration of this Court's judgment. Motions for reconsideration are not expressly

---

[1] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Third Circuit instructs that equitable tolling is appropriate when "'principles of equity would make the rigid application of a limitation period unfair,' . . . such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.

Extraordinary circumstances permitting equitable tolling have been found where: "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159. Equitable tolling has also been allowed where the court has misled a party regarding the steps that the party needs to take to preserve a claim. Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.), *citing* Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

3

recognized in the Federal Rules of Civil Procedure. <u>United States v. Compaction Sys. Corp.</u>, 88

F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a

motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from

judgment or order under Fed.R.Civ.P. 60(b). <u>Id</u>.

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.

<u>Dunn v. Reed Group</u>, U.S. Dist. LEXIS 2438 (D.N.J. Jan. 13, 2010). Local Rule 7.1(i) provides,

in relevant part:

> A motion for reconsideration shall be served and filed within 14 days after the
> entry of the order or judgment on the original motion by the Judge or Magistrate
> Judge. A brief setting forth concisely the matter or controlling decisions which
> the party believes the Judge or Magistrate Judge has overlooked shall be filed with
> the Notice of Motion.

L.Civ.R. 7.1(i); <u>see</u> <u>NL Industries, Inc. v. Commercial Union Insurance</u>, 935 F. Supp. 513, 515

(D.N.J. 1996). The standard of review involved in a motion for reconsideration is quite high, and

therefore relief under this rule is to be granted very sparingly. <u>See</u> <u>United States v. Jones</u>, 158

F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended if the movant shows at

least one of the following grounds: "(1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the court [issued its order]; or (3) the

need to correct a clear error of law or fact or to prevent manifest injustice." <u>Max's Seafood Café</u>

<u>v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)(citing <u>N. River Ins. Co. v. CIGNA Reinsurance</u>

<u>Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only

where its prior decision has overlooked a factual or legal issue that may alter the disposition of

the matter. <u>Compaction Sys. Corp.</u>, 88 F. Supp. 2d at 345; <u>see also</u> L.Civ.R. 7.1(I). "The word

'overlooked' is the operative term in the Rule." <u>Bowers v. Nat'l. Collegiate Athletics Ass'n.</u>,

4

130 F. Supp. 2d 610, 612 (D.N.J. 2001)(citation omitted); see also Compaction Sys. Corp., 88 F. Supp. 2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp. 2d at 613. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 (D.N.J. 1992).

Moreover, L.Civ.R. 7.1(i) does not allow parties to recapitulate cases and arguments which the court has already considered before rendering its original decision. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp. 2d at 612 (citations omitted); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. at 516 ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

### III. ANALYSIS

Petitioner does not address the issue that his habeas petition was time barred, the reason for which his case was dismissed. Rather, he presents again before the Court arguments concerning the merits of his claims for habeas relief. This Court did not address the merits of Petitioner's habeas petition because the matter was time barred pursuant to 28 U.S.C. § 2244(d), and Petitioner made no showing that equitable tolling should be applied. Further, Petitioner failed to show that any of the conditions for reconsideration were met: 1) no intervening change in the controlling law was presented; 2) no evidence was presented as being newly available that was not available when this Court issued its original opinion; and 3) there was no demonstration of the need to correct a clear error of law or fact to prevent manifest injustice. Petitioner has thus failed to provide any evidence to show that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration.

In arguing for reconsideration, Petitioner neither claims that an intervening change in the law has occurred nor that the Court need correct a clear error of law or prevent a manifest injustice. Rather, his basis for reconsideration is "new" evidence–an expert report of Dr. Robert Pandina ("Report")–that was allegedly not available for trial. Petitioner claims that he was not provided such evidence from an expert at trial which would have supported a viable defense of diminished capacity. Petitioner argues that this constituted a denial of due process as well as ineffective assistance of counsel because the Report, dated February 13, 2005, could have presented such a defense.

6

However, Petitioner has presented this allegedly "new" evidence and raised these claims in his state post-conviction relief ("PCR") proceedings as well as in his filings with this Court. New Jersey state courts have rejected Petitioner's claims with regard to this evidence. In Petitioner' first state PCR proceeding, on appeal, the Superior Court of New Jersey, Appellate Division found all of Petitioner' arguments to be "without sufficient merit to warrant discussion in a written opinion." The appellate court stated:

> We agree fully with Judge Barisonek's thorough and thoughtful oral opinion of May 19, 1999, and especially the judge's conclusion that
>
>> When you look at the uniqueness of this case, the nature of the case, the overwhelming proofs in this case I have to say there is not a lot an attorney could do in this case. This is a devastating, from a State's standpoint, with overwhelming proofs concerning what happened to four separate victims. The biggest issue in this case is whether or not those witnesses were credible because of their involvement in drugs and alcohol over the course of the day and a half, and the jury heard all of this and still made their findings. ... I find that there is no factual issues in this case that would warrant a hearing.

(December 7, 2001 Appellate Division Opinion at Da308-311, see Docket entry no. 6-4, pages 122-125).

At the first state PCR proceeding, Petitioner had not obtained an expert report by Dr. Pardina or any other expert. Petitioner filed a second state PCR petition on March 26, 2003, arguing, inter alia, ineffective assistance of counsel due to his attorney's alleged egregious lack of preparation in not putting forward an intoxication defense on behalf of Petitioner. Judge Barisonek conducted a hearing on May 24, 2005, where he heard testimony from both Petitioner and his first state PCR counsel, John Goins, Esq. Dr. Pandina's report, dated February 13, 2005,

was submitted, but Judge Barisonek denied post-conviction relief in an extensive oral opinion.

Specifically, the PCR court found:

> ... There is nothing before this court nor based on the record in front of me to show that a toxicologist would have presented anything else to this jury that would have changed the jury's mind. The jury heard all of the testimony concerning the amount of alcohol and drugs consumed during the course of the proceeding day and the day of the actual stabbings. They heard the police officers describe their communications with the defendant. They heard the testimony of the police officer concerning the concealment of the knife, concerning the defendant's abilities to function and recall events, concerning the issues as to how the defendant acted both at the scene and in police custody. . . . He got the benefit of the intoxication defense nonetheless. To this date I haven't seen anything from an expert that would say in light of all that testimony they would render an opinion to say his faculties were so prostrated that he could not have understood the consequences of his acts.

(June 11, 2007 Appellate Division Opinion at pp. 11-14, see Docket entry no. 6-7 at pp. 11-14).

Petitioner appealed the denial of his second PCR petition, and the Appellate Division affirmed "substantially for the reasons stated in Judge Barisonek's thoughtful and comprehensive oral opinion of May 24, 2005," adding only the following comments:

> Aside from lacking substantive merit, defendant's arguments are procedurally barred as out of time, Rule 3:22-12; as already adjudicated, Rule 3:22-5; and to the extent not heretofore decided, as capable of being raised and therefore now precluded from review, Rule 3:22-4. Significantly, the claim of ineffective assistance of first PCR counsel (Goins) was raised and decided as without merit on defendant's appeal from denial of his earlier PCR petition. In that regard, defendant specifically argued that Goins was ineffective for, among other things, not arguing that trial counsel was inadequate for not securing an intoxication expert and that Goins also should have obtained an expert for the first PCR hearing. As noted, these arguments, and others, were rejected as without merit, Rule 2:11-3(e)(2). Consequently, defendant's present claim as to PCR counsel's performance is barred by Rule 3:22-5. And, to the extent he raises additional complaints of counsel ineffectiveness on the second PCR petition, defendant's failure to have raised them previously precludes their consideration presently. R. 3:22-4. Finally, even though procedurally barred, Judge Barisonek addressed each claim, both new and old, substantively and found all of them lacking merit.

(June 11, 2007 Appellate Division Opinion at pp. 15-16, see Docket entry no. 6-7 at pp. 15-16).

In his filings before this Court which were reviewed in this Court's Opinion and Order dismissing the application for a writ of habeas corpus, Petitioner submitted this evidence relied on for his ineffective assistance of counsel claim, namely evidence of Dr. Pandini's expert report. While this Court reviewed that submission in its consideration of Petitioner's application, this Court nonetheless was procedurally barred from considering Petitioner's claim as the statute of limitations had expired.  In his motion for reconsideration, Petitioner failed to demonstrate any new basis, in fact or in law, to disturb this Court's ruling that this habeas petition is thus procedurally barred as having been filed well after the statute of limitations had expired.  Further, Petitioner failed to demonstrate any new basis, in fact or in law, to disturb this Court's ruling that the statute of limitations should be equitably tolled.

Petitioner is thus relitigating the same issue as that presented in his application for the writ of habeas corpus.  He claims that Dr. Pandina's report is new evidence, but it is neither new evidence before this Court nor was it deemed new evidence before the state courts as they had found that the issue of an intoxication defense (or diminished capacity) were raised by trial counsel through testimony of witnesses regarding Petitioner' alleged diminished mental state. Consequently, the issue of expert testimony on the intoxication defense is not new evidence. Nor does the lack of an expert report show a denial of due process.  It was determined by the state courts that there was nothing an expert could say in light of all the testimony at trial by the various and numerous witnesses on the issue of Petitioner' intoxicated state at the time of the offenses, that would likely change the result of the jury's verdict.

Thus, Petitioner fails to satisfy the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were

9

overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Therefore, Petitioner's only recourse, if he disagrees with this Court's decision, must be made through the appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

## IV. <u>CONCLUSION</u>

Therefore, for the reasons stated above, Petitioner' motion for reconsideration or to vacate judgment in this matter (Docket entry no. 13)[2] will be denied for lack of merit. An appropriate Order follows.

JOSE L. LINARES
United States District Judge
Dated: 8 / 18 / 2011

---

[2] Petitioner named his motion as a request to "stay" his appeal. In the text of his motion, he expressly seeks to vacate this Court's October 22, 2010 Opinion and Order.

10